

Juan Carlos Ayala Martinez
_____
NAME

69806-112
_____
PRISON IDENTIFICATION/BOOKING NO.

FCI-Victorville II / PO BOX 3850
_____
ADDRESS OR PLACE OF CONFINEMENT

Adelanto, CA 92301
_____

Note:   If represented by an attorney, provide name, address, & telephone
        number.  *It is your responsibility to notify the Clerk of Court in
        writing of any change of address.*

**FEE PAID**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JUAN CARLOS AYALA MARTINEZ
_____
FULL NAME (Include name under which you were convicted)

                                    Petitioner,

_____

                    v.

WARDEN J. DOERER
_____
NAME OF WARDEN, (or other authorized person having custody of
petitioner)

                                    Respondent.

CASE NUMBER
CV  EDCV 23 - 00752 -PA-SK
    _____
    To be supplied by the Clerk of the United States District Court

CR  1:15CR02071-SAB-1
    _____
    Criminal case under which sentence was imposed.

### PETITION FOR WRIT OF HABEAS CORPUS BY
### A PERSON IN FEDERAL CUSTODY
### (28 U.S.C. § 2241)

---

### INSTRUCTIONS - READ CAREFULLY

This petition shall be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. You must set forth CONCISELY the answer to each question in the proper space on the form. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

You must not attach separate pages to this petition except that ONE separate additional page is permitted in answering Question No. 9.

Upon receipt of a fee of $5.00, your petition will be filed if it is in proper order.

If you are seeking leave to proceed *in forma pauperis* (without paying the $5.00 filing fee and other court costs), then you must also execute the declaration on the last page, setting forth information that establishes your inability to pay the fees and costs of the proceedings or to give security therefor. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $25.00, you must pay the filing fee as required by the rule of the district court.

When the petition is completed, the original and 3 copies must be mailed to the Clerk of the United States District Court for the Central District of California, Edward R. Roybal Federal Building & U.S. Courthouse, 255 East Temple Street, Suite TS-134, Los Angeles, California 90012, ATTENTION: Intake/Docket Section.

Only one sentence, conviction, or parole matter may be challenged in a single petition. If you challenge more than one, you must do so by separate petitions.

---

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☐ a conviction.
2. ☒ a sentence.
3. ☐ jail or prison conditions.
4. ☐ prison discipline.
5. ☐ a parole problem.
6. ☐ other.

## PETITION

1. Place of detention    FCI - Victorville Medium II

2. Name and location of court that imposed sentence   U.S. District Court District of Washington
   Eastern District 25 South 3rd St., Room 201. Yakima, WA 98901

3. The indictment number or numbers (if known) upon which, and the offense or offenses for which, sentence was imposed:
   a.  21 U.S.C. 841(a)(1),(b)(1)(b), Conspiracy to distribute Methamphetamine
   b. _____
   c. _____

4. The date upon which sentence was imposed and the terms of the sentence:
   a. November 2, 2017 / 120-months
   b. _____
   c. _____

5. Check whether a finding of guilty was made:
   a. ☒ After a plea of guilty
   b. ☐ After a plea of not guilty
   c. ☐ After a plea of nolo contendere

6. If you were found guilty after a plea of not guilty, check whether that finding was made by:
   a. ☐ a jury
   b. ☒ a judge without a jury

7. Did you appeal from the judgment of conviction or the imposition of sentence?   ☐ Yes    ☐ No

8. If you did appeal, give the following information for each appeal:

   **CAUTION:**  *If you are attacking a sentence imposed under a federal judgment, you must first file a direct appeal or motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.*

   a.  (1) Name of court _____
       (2) Result _____
       (3) Date of result _____
       (4) Citation or number of opinion _____

CV-27 (05/18)        **PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY (28 U.S.C § 2241)**

(5) Grounds raised (*list each*):

    (a) _____

    (b) _____

    (c) _____

    (d) _____

b.  (1) Name of court _____

    (2) Result _____

    (3) Date of result _____

    (4) Citation or number of opinion _____

    (5) Grounds raised (*list each*):

        (a) _____

        (b) _____

        (c) _____

        (d) _____

9.  State CONCISELY every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  If necessary, attach a SINGLE page only behind this page.

    **CAUTION:**  *If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.  You must state facts, not conclusions, in support of your grounds.  A rule of thumb to follow:  state WHO did exactly WHAT to violate your rights at WHAT time and place.*

a.  Ground one: <u>Petitioner requests Time Credits be awarded and applied towards his release.</u>

Supporting FACTS (tell your story BRIEFLY without citing cases or law): Petioner was awarded 365-days of time-credits towards release. Petitioner's release date was 05/15/2023, because petitioner has an immigration detainer, BOP Officials changed is release date to 05/14/2024. A detainer is not grounds to find he is ineligible under §3632 . administrative remedy procedure procedure is futile in this matter.      (see attachment)

b.  Ground two: _____

Supporting FACTS (tell your story BRIEFLY without citing cases or law): _____

_____

_____

_____

_____

_____

Attachment for 2241

The Supreme Court has also made it clear, courts may decline to require exhaustion "even where administrative and judicial interests would counsel otherwise." Id. at 146. Courts must apply an "'intensely practical'" 'balancing principle" and decide if the litigant's interest in immediate judicial review might "'outweigh the government's interest in the efficiency or autonomy that the exhaustion doctrine is designed further.'" Id. (citations omitted. When the agency involved has predetermined the issue before it, this is a recognized circumstance in which "the interests of the individual weigh heavily against requiring administrative exhaustion." Id. at 146, 148 (citing **Houghton v. Shafer,** 392 U.S. 639, 640, 88 S. Ct. 2119, 20 L. Ed. 2d 1319 (1968), See also, **Fraley v. U.S. Bureau of Prisons,** 1 F. 3d 924, 925 (9th Cir. 1993) (Per Curiam) (waiving exhaustion as futile when the initial request for an administrative remedy was denied based on BOP policy and, therefore, the Regional Director "almost certainly would have denied" a further appeal as well due to that policy). In **Jones v. Englemen, United States District Court for the Central District of California,** September 7, 2022, Case No., 2:22-CV-05292-MCS (GJS) (This court notes one final matter. By its terms, the FSA plainly seeks to incentivize prisoners to better prepare themselves for a life outside prison by participating in and completing those programs and activities that the BOP, in its expertise, has designated as evidence-based recidivism reduction programs and productive activities. Their reward for doing so, assuming they also have led their prison lives in a manner that leads them to receive low and medium recidivism risk assessments, is knowing that, by its terms, the FSA has told the BOP that it "shall" apply their earned ETC's and "shall" afford them an early release. Allowing the BOP - on a belated and after-the-fact basis- to purport to write into the FSA statutes a discretion for itself that does not appear therein and to snatch away from prisoners whose efforts have earned them ETC-related benefits not only is unfair but would be contrary to the FSA's goal of incentivizing prisoners to engage in these salutary programs and activities. See also, **Avila Gonzales v. FCI Berlin, Warden, New Hampshire District Court Case No#**

*1:22-cv-00540,* (January 20, 2023)(The Court therefore orders that Mr. Avila Gonzalez be immediately released from BOP custody to begin his term of supervised release in the Southern District of Florida. It is the Court's understanding that, upon his release from BOP custody, U.S. Immigration and Customs Enforcement (ICE) will take Mr. Avila Gonzalez into its custody pursuant to an immigration detainer.).

**tipo de numero**

Número de registro de la balanza d

**Número**

69806-112

Buscar    Borrar Formulario

**Nombre** : JUAN CARLOS AYALA MARTINEZ

**Número de registro** : 69806-112

**Edad** : 44

**Raza** : Blanca

**Sexo** : Masculino

**Fecha de lanzamiento** : 15/05/2023

**Ubicado en:** FCI Victorville Medio II

Nuestros registros contienen información sobre

## tipo de numero

Número de registro de la balanza d〉 ∨

## Número

69806-112

Buscar    Borrar formulario

**Nombre** : JUAN CARLOS AYALA MARTINEZ

**Número de registro** : 69806-112

**Edad** : 44

**Raza** : Blanca

**Sexo** : Masculino

**Fecha de lanzamiento** : 14/05/2024

**Ubicado en:** FCI Victorville Medio II

Nuestros registros contienen información sobre

c.  Ground three: _____

_____

Supporting FACTS (tell your story BRIEFLY without citing cases or law): _____

_____

_____

_____

_____

_____

_____

d.  Ground four: _____

Supporting FACTS (tell your story BRIEFLY without citing cases or law): _____

_____

_____

_____

_____

_____

_____

10. Have you filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications, petitions, or motions with respect to this conviction?   ☐ Yes ☐ No

11. If your answer to Question No. 10 was yes, give the following information:

a.  (1) Name of Court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Result _____

(5) Date of result _____

(6) Citation or number of any written opinions or orders entered pursuant to each disposition.

_____

_____

_____

_____

b.  (1) Name of Court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

          _____

          _____

          _____

          _____

    (4) Result _____

    (5) Date of result _____

    (6) Citation or number of any written opinions or orders entered pursuant to each disposition.

          _____

          _____

12. If you did not file a motion under Section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

_____

_____

_____

_____

_____

13. Are you presently represented by counsel?  ☐ Yes  ☒ No

If so, provide name, address, and telephone number_____

_____

Case name and court _____

_____

14. If you are seeking leave to proceed *in forma pauperis*, have you completed the declaration setting forth the required information?   ☐ Yes   ☐ No

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding,

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on 4-20-2023
*Date*

Juan C. Ayala Mtz.
*Signature of Petitioner*



U.S. POSTAGE PAID
FCM LG ENV
LAMONT, CA
93241
APR 24, 23
AMOUNT
$5.50
R2305E123877-88
92501
RDC 99

7022 0410 0001 1469 1006




Carlos Ayala Martinez
59806-112
Victorville II / PO Box 3850
ANTO, CA 92301.

United States Courthouse
3470 Twelfth St, Room 134
Riverside, CA 92501.



RECEIVED
CLERK, U.S. DISTRICT COURT

APR 2 7 2023

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

7022 0410 0001 1469 1006

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®